IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>HOWARD WAYNE FINCH,<br><br>    Debtor. | Case No. 3:17-bk-03699<br>Chapter 13<br>Judge Harrison |
| HOWARD WAYNE FINCH,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC and CENTEX HOME EQUITY LOAN TRUST 2002-A,<br><br>    Defendants. | Adversary No. 3:18-ap-90082 |

## **DEFENDANTS' MOTION TO DISMISS**

COME NOW, Nationstar Mortgage LLC ("Nationstar") and The Bank of New York Mellon f/k/a The Bank of New York, as successor in interest to JPMorgan Chase Bank, N.A., f/k/a Bank One, National Association, as Trustee for Centex Home Equity Loan Trust 2002-A ("BNY Mellon")[1] and file this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

---

[1] BNY Mellon is erroneously named in this action as solely "Centex Home Equity Loan Trust 2002-A." The Bank of New York Mellon f/k/a The Bank of New York is the Trustee for the Centex Home Equity Loan Trust 2002-A, and a trust must act through a trustee.

1

# STATEMENT OF FACTS

In this action, the Plaintiff-Debtor, Howard Wayne Finch ("Plaintiff"), contends that Nationstar and BNY Mellon have erroneously accounted payments made on his mortgage loan following the completion of a prior bankruptcy case in 2013. The facts do not support the claims that are being raised here.

The Plaintiff first filed for Chapter 13 bankruptcy in this Court on 2008 (Case No. 08-05983) (the "2008 Bankruptcy"). [Doc. 1] at ¶ 9. Nationstar filed a claim in the 2008 Bankruptcy related to a mortgage loan encumbering the property at 6516 Longview Drive, Murfreesboro, Tennessee 37129. *See* [Doc. 1-1]. The Chapter 13 Trustee paid the claim and an Order was entered on August 22, 2013, declaring the mortgage current as of July 2013. [Doc. 1-4]. An Agreed Order was also entered that declared, although the loan would be treated as current, there were $1,922.68 in post-petition escrow advances that would remain on the end of the loan. [Doc. 1] at ¶ 12. A discharge was granted in the 2008 Bankruptcy on October 1, 2013. *Id.* at ¶ 13.

After the discharge was granted, the Plaintiff alleges that he "made numerus payments to the Defendant." *Id.* at ¶ 14. A review of the exhibit attached as supposed proof of these payments shows inconsistent payments made in late 2013 and early to mid-2014. *See* [Doc. 1-7]. Also included within the exhibit is a Trustee's ledger from a brief Chapter 13 case filed by the Plaintiff's wife in 2016 that was dismissed seven months after confirmation for failure to fund the plan. *Id.*; *see also* No. 3:16-bk-02568 (Bankr. M.D. Tenn.) (the "2016 Bankruptcy"). Nationstar, as servicer for BNY Mellon, filed a claim in the 2016 Bankruptcy for $43,883.62. *see* 2018 Bankruptcy, Claim No. 4. The Debtor did not object to this claim and proposed to pay it in full in the confirmed plan. *See id.* at [Doc. 38].

2

After the 2016 Bankruptcy was dismissed, the Plaintiff filed the instant Chapter 13 case on May 29, 2017. [Doc. 1] at ¶ 16. The Plaintiff claims that he scheduled the debt owed to BNY Mellon as disputed, and the confirmed Chapter 13 plan treats the debt "as a 'continuing' debt with plan payments equal to the normal monthly mortgage payments plus an arrearage cure provision." *Id.* at ¶ 19. However, the confirmation order, which is attached to the Complaint at [Doc. 1-9], shows that the debt was not treated this way. It is listed as a standard secured debt that will be paid in full over the life of the plan. *See* [Doc. 1-9] at p. 2. In fact, the plan states, in bold letters, that "there are no long term claims paid by the Trustee." *Id.* at p. 1. BNY Mellon filed a proof of claim in the current case on October 10, 2017, in the amount of $36,753.55. [Doc. 1-15]. The loan matured on October 1, 2016. *Id.* at p. 17.

In his Complaint, the Plaintiff brings four claims: 1) objection to claim; 2) violation of Fed. R. Bankr. P. 3002.1(c); 3) fraud; and 4) breach of contract. However, with respect to the violation of Rule 3002.1(c) and fraud, the Plaintiff has failed to state a claim upon which relief can be granted, and those claims should be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

### A. STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the

3

Case 3:18-ap-90082   Doc 24   Filed 12/14/18   Entered 12/14/18 09:45:42   Desc Main
Document     Page 3 of 8

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Rule 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

**B.      THERE IS NO PRIVATE CAUSE OF ACTION UNDER FED. R. BANKR. P. 3002.1**

In Count II, the Plaintiff alleges that the Defendants violated Fed. R. Bankr. P. 3002.1 by attempting to collect post-petition fees, charges, and advances that were not disclosed to the Court – in the 2016 Bankruptcy and this bankruptcy – in accordance with Rule 3002.1. Rule 3002.1(c) applies to "claims (1) that are secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that either the trustee or the debtor will make contractual installment payments," and requires that

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

Rule 3002.1(i) provides for the consequences of the failure to file a notice required by subsection (c):

> (i) FAILURE TO NOTIFY. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
>
>    (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
>    (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

The Committee Notes point out that, if a creditor seeks to collect fees or charges not disclosed during the case, then "the debtor may move to have the case reopened in order to seek sanctions against the holder of the claim under subdivision (i)."

Notably, nothing in the rule provides for a private cause of action, and the Committee Notes are clear that only sanctions can be awarded. The only court known to have been faced with this question concluded that "no such cause of action exists" under Rule 3002.1(i). *Berkeley v. Wels Fargo Bank*, No. 15-cv-00749-JSC, 2015 WL 6126815, at *7 n.4 (N.D. Cal. Oct. 19, 2015). Allowing for a private cause of action in this situation would be analogous to allowing a party to sue for a violation of Fed. R. Civ. P. 11. It is axiomatic that no such claim exists, and neither does a claim for a violation of Rule 3002.1. As stated in the Committee Notes, the Debtors can bring a motion for sanctions in the underlying bankruptcy case, but there is no suggestion anywhere that there is a standalone cause of action.

Moreover, the Committee Notes makes clear that the motion must be brought in the bankruptcy case in which the fees were incurred. Some of the complained of fees were incurred in the 2016 Bankruptcy, not the bankruptcy case underlying this adversary. As for the fees complained of that were incurred in the present case, Rule 3002.1 simply does not apply. As noted above, the rule applies only to "claims (1) that are secured by a security interest in the debtor's principal residence, and (2) for which the plan provides that either the trustee or the debtor will make contractual installment payments." However, BNY Mellon's claim is not being paid in contractual installments. The loan matured in 2016 and is being paid in full over the life of the plan. *See* Statement of Facts, *supra*. Accordingly, Count V completely fails to state a claim and should be dismissed.

5

## C. THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FRAUD

In Count III, the Plaintiff attempts to state a claim of fraud based on the following allegedly false representations:

> 34. Defendant has made false material representations to this Court and the Plaintiff.
> 35. On October 10, 2017, the Defendant filed an attachment indicating that the balance of the Plaintiff's claim included a principal balance of $18,777.33. On April 17, 2017, the Defendant sent the Plaintiff a statement indicating that the loan was due for the September 1, 2014 payment.
> 36. Specifically, on October 10, 2017, the Defendant filed an attachment indicating that bankruptcy charges were owed for: 9/8/2016-$500.00, 12/13/2016-$100.00, 2/10/2017-$100.00, 2/6/2017-$500.00. These charges were not approved by this Court and or were never incurred.
> 37. When Defendant made the material representation, it (i) knew that the material representation was false, or (ii) made the material representation recklessly without any knowledge of its truth and as a positive assertion.
> 38. Plaintiff has suffered damages as a result of the Defendant's material misrepresentation.

[Doc. 1] at ¶¶ 34-38.

"Actions for fraud contain four elements: (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, and (3) an injury caused by reasonable reliance on the representation. The fourth element requires that the misrepresentation involve a past or existing fact or, in the case of promissory fraud, that it involve a promise of future action with no present intent to perform." *Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992) (citing *Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l Ass'n*, 835 S.E.2d 25, 29 (Tenn. Ct. App. 1992)). The circumstances constituting a claim for fraud must be pleaded with particularity pursuant to Fed. R. Civ. P. 9(b). "[T]o satisfy Rule 9(b), a plaintiff must (1) specify the time, place, and content of the alleged misrepresentation, (2) identify the fraudulent scheme and the fraudulent intent of the defendant, and (3) describe the injury resulting from the fraud." *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 751 (6th Cir. 2004) (citing *U.S.*

*ex rel. SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 504 (6th Cir. 2008)). The fraud claim fails because it is not pleaded with particularity, and does not meet the elements of fraud.

Here the Plaintiff has completely failed to "identify the fraudulent scheme and the fraudulent intent of the defendant, (3) describe the injury resulting from the fraud," or show any type of reliance. *Thompson*, 773 F.3d at 751. Rather than describe, with particularity, his injuries, the Plaintiff simply set forth a skeletal laundry list of his supposed actual damages in paragraph 44 of the Complaint. Not only is this insufficient under Rule 9(b), but it does not even attempt to describe which injuries are attributable to the supposed fraud. Moreover, the Plaintiff has failed to allege how he relied upon the allegedly false statement – in fact, the word "rely" (or "reliance") appears nowhere in Count III. The Plaintiff has failed to state a claim and Count III should be dismissed.

## **CONCLUSION**

Based on the foregoing, Nationstar and BNY Mellon respectfully request that this Court grant its Motion to Dismiss.

WHEREFORE, Nationstar and BNY Mellon pray for relief as follows:

1) That this Court grant their Motion to Dismiss and dismiss Counts II and III with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); and

2) For any other relief that this Court deems just and proper.

7

Case 3:18-ap-90082    Doc 24    Filed 12/14/18    Entered 12/14/18 09:45:42    Desc Main
Document      Page 7 of 8

Respectfully submitted, this 14th day of December, 2018.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (BPR# 31643)
>**RUBIN LUBLIN TN, PLLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(404) 921-9016 (Facsimile)
>bchaness@rubinlublin.com
>
>*Attorney for Nationstar Mortgage LLC and The Bank of New York Mellon f/k/a The Bank of New York, as successor in interest to JPMorgan Chase Bank, N.A., f/k/a Bank One, National Association, as Trustee for Centex Home Equity Loan Trust 2002-A*

## CERTIFICATE OF SERVICE

I certify that on December 14, 2018, the within and foregoing was filed via CM/ECF, which will serve notice on all parties.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (BPR# 31643)