IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
Howard Wayne Finch                            BK:     3:17-bk-03699
6516 Longview Drive                      Chapter 13
Murfreesboro, TN 37133            Judge Marian F. Harrison
xxx-xx-1677
Debtor

Howard Wayne Finch
Plaintiff

vs.

Nationstar Mortgage LLC            Adv. No.       3:18-ap-90082
Centex Home Equity Loan Trust 2002-A
Defendant(s)

## JOINT PRE-TRIAL STATEMENT

Comes the parties to the above-styled Adversary Proceeding and would submit the

following Joint Pre-Trial Statement.

I.       Statement of Facts and Theory by the Plaintiff:

The Plaintiffs executed a Note and Deed of Trust to Centex Home Equity Corporation on

or about September 25, 2001 with a maturity date of October 1, 2016. The Plaintiffs filed a

Chapter 13 bankruptcy on July 14, 2008 and listed the mortgage debt, which at the time was

serviced by Nationstar Mortgage LLC (hereinafter "Nationstar" or "Defendant"). The Defendant

filed a Proof of Claim on July 22, 2008. The Trustee paid all payments that came due during the

pendency of the bankruptcy and paid the arrearage in the amount of $25,630.40. The Trustee

filed a Motion to Declare the Mortgage Current on July 24, 2013. The Defendant failed to file a

response to the Trustee's Motion and an Order Declaring the Mortgage current was entered on

August 22, 2013. The Trustee made one additional disbursements after the Order Declaring

Current on August 31, 2013 for the September 2013 installment. The Plaintiffs resumed payments directly to the Defendant following the completion of their bankruptcy. With the mortgage being current following the completion of the bankruptcy, only 36 installments would remain to pay the mortgage in full by the maturity date of October 2016. The Plaintiff provided proof with the Complaint of at least 40 payments. Despite these payments, the Defendant is still claiming a balance.

The Plaintiffs filed a Chapter 13 bankruptcy on May 29, 2017. The Defendant is filed a Proof of Claim in this current case for $36,753.55 despite all of the payments made by the Plaintiffs and the Trustee in the prior case. In addition, the Defendant has filed two separate Notices of Post Petition Fees. Further, the Defendant has been charging the Plaintiffs for force placed insurance during time periods that the Plaintiff had insurance coverage.

The Plaintiffs object to the Defendant's claim. The Defendant has clearly been misapplying payments made by the Plaintiffs and the Trustee in the prior case. The Defendant has provided statements that conflict with the accounting, the prior claim and the Order declaring current. If the Defendant had properly credited all of the Plaintiffs' payments, this debt would have been paid off. Instead, the Defendant has misapplied the Plaintiffs' payments, instead crediting the payments to fees, charges and insurance costs that were not justified. The Defendant's claim should be disallowed.

The Defendant filed two Notices of Post Petition Fees claiming a total of $1,400.00 in fees but not providing any supporting documents. The Defendant's Notices do not satisfy the requirements of Rule 3002.1, and therefore the fees should be disallowed and the Defendant liable to the Plaintiffs for attorney's fees.

The Defendant has claimed that the Plaintiffs still owe a principal balance of $18,777.33 as of October 2017. The Defendant's Proof of Claim was for $36,753.55. The Defendant also claimed fees and charges owed that were never approved. If the Defendant had properly accounted for the Plaintiffs' payments, this debt would be paid in full. The Defendant has committed fraud by claiming that there is additional money owed and is liable to the Plaintiffs for damages.

The Defendant's failure to apply the payments correctly according to the terms of the Note and Deed of Trust is a breach of contract between the Plaintiffs and Defendant. Based on this breach of contract, the Defendant is liable to the Plaintiffs for damages and equitable relief.

II.     Statement of Facts and Theory by the Defendant.

The Plaintiff first filed for Chapter 13 bankruptcy in this Court on 2008 (Case No. 08-05983) (the "2008 Bankruptcy"). Nationstar filed a claim in the 2008 Bankruptcy related to a mortgage loan encumbering the property at 6516 Longview Drive, Murfreesboro, Tennessee 37129. The Chapter 13 Trustee paid the claim and an Order was entered on August 22, 2013, declaring the mortgage current as of July 2013. An Agreed Order was also entered that declared, although the loan would be treated as current, there were $1,922.68 in post-petition escrow advances that would remain on the end of the loan. A discharge was granted in the 2008 Bankruptcy on October 1, 2013.

After the discharge was granted, the Plaintiff alleges that he "made numerous payments to the Defendant." A review of the exhibit attached as supposed proof of these payments shows inconsistent payments made in late 2013 and early to mid-2014. Also included within the exhibit is a Trustee's ledger from a brief Chapter 13 case filed by the Plaintiff's wife in 2016 that was

dismissed seven months after confirmation for failure to fund the plan. *Id.*; *see also* No. 3:16-bk-02568 (Bankr. M.D. Tenn.) (the "2016 Bankruptcy"). Nationstar, as servicer for BNY Mellon, filed a claim in the 2016 Bankruptcy for $43,883.62. *see* 2018 Bankruptcy, Claim No. 4. The Debtor did not object to this claim and proposed to pay it in full in the confirmed plan.

After the 2016 Bankruptcy was dismissed, the Plaintiff filed the instant Chapter 13 case on May 29, 2017. The Plaintiff claims that he scheduled the debt owed to BNY Mellon as disputed, and the confirmed Chapter 13 plan treats the debt "as a 'continuing' debt with plan payments equal to the normal monthly mortgage payments plus an arrearage cure provision." However, the confirmation order, which is attached to the Complaint at [Doc. 1-9], shows that the debt was not treated this way. It is listed as a standard secured debt that will be paid in full over the life of the plan. In fact, the plan states, in bold letters, that "there are no long term claims paid by the Trustee." BNY Mellon filed a proof of claim in the current case on October 10, 2017, in the amount of $36,753.55. The loan matured on October 1, 2016.

In his Complaint, the Plaintiff brings four claims: 1) objection to claim; 2) violation of Fed. R. Bankr. P. 3002.1(c); 3) fraud; and 4) breach of contract. The Defendants contend that the Plaintiff has failed to state a claim for a violation of Rule 3002.1 or fraud, and have filed a Motion to Dismiss this claims. With respect to the objection to claim and breach of contract, the Defendants anticipate that the evidence will show that the Plaintiff failed to make all required payments, and that a balance remains on the loan.

III.    Statement of Admitted Facts.

The parties admit only the facts that appear consistently in both Sections I and II above.

all other facts are currently disputed.

IV.     Statement of Contested Facts.

The parties admit only the facts that appear consistently in both Sections I and II above.

all other facts are currently disputed.

V.     Statement of Legal Issues

**By the Plaintiff:**

Whether the Defendant's claim should be allowed?

Whether the Defendant has violated Rule 3002.1, and if so, what is the appropriate remedy?

Whether the Defendant has committed fraud, and if so, what is the appropriate remedy?

Whether the Defendant breached the contract between the parties, and if so, what is the appropriate remedy?

Whether the Defendant should be held in contempt and sanctioned under 11 U.S.C. § 105?

**By the Defendant:**

Whether BNY Mellon's claim should be allowed.

Whether the Plaintiff has stated a claim upon which relief can be granted for a violation of Rule 3002.1 or for fraud.

Whether BNY Mellon or Nationstar have breached any contract with the Plaintiff.

Defendants expressly dispute that there is any issue in this case regarding contempt or sanctions under 11 U.S.C. § 105, as there is no such claim in the Complaint, nor is there any private cause of action under 11 U.S.C. § 105.

Dated this ___8th___ day of _____January_____, 2019.

Harlan, Slocum & Quillen,

/s/ Keith D Slocum_____
by: Keith D. Slocum BPR 023024
Harlan, Slocum & Quillen
39B Public Square
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com


/s/ Bret Jacob Chaness
Bret Jacob Chaness
Rubin Lublin TN, PLLC
3145 Avalon Ridge Place, Ste 100
Peachtree Corners, GA 30071
Phone: (678) 281-2730
Fax: (404-921-9016)
bchaness@rubinlublin.com
*Attorney for Defendant*